UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-CV-62318-CMA

WILLIAM SALTER, and MARIE JOSEPH,
individually and on behalf of those similarly situated,

    Plaintiffs,

vs.

PHH MORTGAGE CORP.,

    Defendant.
_____/

# JOINT SCHEDULING REPORT

Plaintiffs, William Salter and Marie Joseph, (hereinafter referred to as "Plaintiffs"), and Defendant, PHH Mortgage Corporation, et al (hereinafter referred to as "PHH" or "Defendant"), pursuant to Local Rule 16.1(B)(2) of the Southern District of Florida Local Rules, hereby submit the following Joint Scheduling Report:

**1.**     **Statement of Claims and Alleged Damages**

    **a.**     **Claims and Defenses Raised by the Pleadings and Issues Presently Known:**

This case is brought by the Plaintiffs, both individually and on behalf of all putative class members similarly situated, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA"), and Florida Deceptive and Unfair Trade Practices Act, Fla Stat. § 501.201, et seq. ("FDUTPA").

Defendant filed an Unopposed Motion for Extension of Time to File Response to Plaintiffs' Complaint and Incorporated Memorandum of Law on December 3, 2021. **(D.E. 7)**. The Court entered a paperless order partially granting the Unopposed Motion for Extension of Time on December 3, 2021, accordingly, Defendant's answer is now due on December 23, 2021. **(D.E. 8)**

Plaintiffs seek to certify the following "National Class": All persons in the United States who either (a) were charged a Bank Wire Fee by PHH Mortgage Corp. in order to satisfy their mortgage, and/or (b) were charged a Bank Wire Fee and/or Recording Fee by PHH Mortgage Corp. prior to such fee having occurred or otherwise existed, and/or (c) were charged for fees that were not enumerated or explained within a category identified only as Recoverable Balance.

In addition, Plaintiffs seek to certify the following "Florida Class": All persons in the State of Florida who either (a) were charged a Bank Wire Fee by PHH Mortgage Corp. in order to satisfy their mortgage, and/or (b) were charged a Bank Wire Fee and/or Recording Fee by PHH Mortgage Corp. prior to such fee having occurred or otherwise existed, and or (c) were charged for fees that were not enumerated or explained within a category identified only as Recoverable Balance.

### 2.     Jury/Non-Jury Trial and Length of Trial

Plaintiffs have requested a jury trial in their pleadings. The parties believe the Complex Track is appropriate for this case. This case is a putative class action, so, beyond addressing the merits of Plaintiffs' individual claims, the parties will be required to conduct discovery and motion practice as to whether the Court should certify a class in this case. Further, the length of the trial will depend on whether this Court certifies a class. While a trial on Plaintiffs' individual

claims will likely take two to three days, a trial on claims of a certified class would take significantly longer, depending on the nature of the certified class.

3. **The Likelihood of Settlement:**

The parties have briefly discussed the possibility of settlement but have not come to an agreement. The parties will continue to attempt to resolve the case via settlement, if possible.

4. **The Likelihood of Appearance of Additional Parties**

The parties do not currently anticipate the appearance of additional parties but reserve the right to do so by the time frame set forth below.

**Proposed Limits on Time.**

The parties proposed schedule is as follows:

Defendant intends to move to dismiss Plaintiffs' complaint, and the parties have agreed to stay discovery pending a ruling on the motion to dismiss and therefore asks the Court to stay discovery accordingly.

However, if the Court. desires to have the parties conduct discovery while the motion to dismiss is pending, the parties propose the following schedule:

| Pretrial Deadlines and Trial Date | Month/Day/Year |
|---|---|
| Initial Disclosures | 1/23/2022 |
| Joinder of Additional Parties | 2/23/2022 |
| Completion of Discovery Related to Plaintiffs' Individual Claims and Elements of Class Certification | 7/13/2022 |
| Plaintiffs' Motion for Class Certification | 8/12/2022 |
| Selection of Mediator | 1/13/2023 |
| Disclosure of Plaintiff's Expert | 1/20/2023 |
| Disclosure of Defendant's Expert | 1/27/2023 |

| | |
|---|---|
| Completion of Class Discovery (if class is certified) | 2/3/2023 |
| Deadline to Complete All Expert Discovery | 3/3/2023 |
| All Summary Judgment, Daubert, and Other Dispositive Motions Must be Filed | 3/23/2023 |
| All Pretrial Motions and Memoranda of Law Must Be Filed | 4/28/2023 |
| Joint Pretrial Stipulation | 4/28/2023 |
| Conduct Pretrial Conference | 5/12/2023 |
| Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusion of Law Must Be Filed | 7/10/2023 |

**5.    The Necessity or Desirability of Amendments to Pleadings:**

At this time, the parties do not anticipate the need to amend the pleadings but reserve the right to do so by the time frame set forth herein.

**6.    The Possibility of Obtaining Admission of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence:**

The parties will attempt to stipulate to facts and admissibility of evidence prior to trial, as to those facts and evidence where there is no dispute. The parties will make electronically stored information available in paper or electronic form as requested by the other party.

**7.    Suggestions for Avoidance of Unnecessary Proof and of Cumulative Evidence:**

None at this time, however, the parties anticipate effectively using the required Joint Pretrial Stipulation for that purpose.

**8.    Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master:**

The parties consent to the referral of discovery disputes to the Magistrate Judge.

9. Any issues about:

   i. **disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

   None at this time.

   ii. **claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and**

   None at this time.

   iii. **when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist; and**

   The parties have not agreed to use the ESI Checklist. The parties anticipate the execution of a mutually agreeable confidentiality agreement. Any confidentiality order shall be proposed in a manner to ensure timely responses to discovery requests. The parties further agree that inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege as will be further memorialized in formal Rule 502(b) stipulation. The parties further agree to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

10. **Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference:**

None.

Respectfully submitted,

| | |
|---|---|
| **THE ADVOCACY GROUP** | **LOCKE LORD LLP** |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 100 S. Biscayne Blvd, Suite 300 | 777 South Flagler Drive, Suite 215-East |
| Miami, FL 33131 | West Palm Beach, Florida 33401 |
| Telephone: (954) 282-1858 | Telephone: 561-833-7700 |
| Facsimile: (954) 282-8277 | Facsimile: 561-655-8719 |
| Email: service@advocacypa.com | Email: steven.brotman@lockelord.com |
| Email: jkerr@advocacypa.com | |

| | |
|---|---|
| */s/ Jessica L. Kerr* <br> Jessica L. Kerr, Esq. <br> Bar No. 92810 | */s/ Steven J. Brotman* <br> Steven J. Brotman, Esq. <br> Bar No. 85750 |

**SCOTT HIRSCH LAW GROUP**
*Attorney for Plaintiff*
6810 N. State Road 7
Coconut Creek, FL 33073
Telephone: (561) 569-7062
Email: scott@scotthirschlawgroup.com
*/s/ Scott D. Hirsch*
Scott David Hirsch

## CERTIFICATE OF SERVICE

I certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF and via email.

                                                                     */s/ Jessica L. Kerr*
                                                                     Jessica L. Kerr, Esq.
                                                                     Bar No. 92810

101082861v.3