IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM SALTER, and MARIE JOSEPH, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>PHH MORTGAGE CORP.,<br><br>    Defendant. | Civil Action No. 0:21-CV-62318-CMA |

**DEFENDANT PHH MORTGAGE CORPORATION'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

  Defendant PHH Mortgage Corporation ("PHH") moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' complaint because it fails to state a claim on which relief can be granted.

**I. INTRODUCTION**

  Two unrelated plaintiffs allege their mortgage loan servicer PHH sent them payoff letters describing amounts due on their loan, and that the letters contained amounts that allegedly violate their loan contracts. Plaintiffs never paid the allegedly improper amounts, but they nonetheless allege the letters violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA")

  The Court should dismiss this case for several, independent reasons. First, Plaintiffs both failed to comply with the mandatory notice-and-cure provisions in their mortgages, which require the parties to provide notice to the other before suing for conduct (like charging fees) arising out of the mortgage. Second, Plaintiffs' mortgages authorize the amounts listed in the

payoff letters—Plaintiffs allege no facts suggesting otherwise—so the letter can't support any of the Plaintiffs' claims. Third, Florida's litigation privilege bars Plaintiff Marie Joseph's claims arising from the letter because PHH sent the letter in the context of an ongoing foreclosure. Finally, the Court should dismiss both Plaintiffs' FDUTPA claims because PHH's servicing activities, including sending the requested payoff letters, are not "trade or commerce" as required under FDUTPA.

For these reasons, PHH asks the Court to dismiss Plaintiffs' complaint with prejudice.

## II. BACKGROUND[1]

PHH services the Plaintiffs' loans, *i.e.*, it collects and applies their payments and pursues foreclosure where necessary. Compl., ECF No. 1, ¶¶ 24, 25, 46, 54. Each plaintiff asked PHH to send a payoff letter describing all amounts due under their loan, and PHH provided those letters as required by Florida law. *Id.*, ¶ 48, 49, 56, 57; *see* Fla. Stat. § 701.04(1).

Plaintiffs do not allege they ever paid any of amounts set forth in the letter, but they base their claims on three amounts listed in the letters: (i) a recording fee of between $18.50 and $19.50;[2] (ii) an optional bank-wire fee of $25.00; and, (iii) a "recoverable balance" in two different amounts. *Id.*, ¶¶ 27-44. Plaintiffs allege their mortgages did not authorize these amounts, so PHH's inclusion of these amounts in the payoff letters was deceptive and unfair, in violation of the FDCPA, FCCPA and FDUTPA. *Id.*, ¶¶ 76-122.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[1] PHH assumes the allegations recited here to be true only for purposes of this motion.

[2] As the letters stated, PHH would have passed on whatever amount the county recorder charged for recording a release of mortgage. ECF Nos. 1-4, 1-6, p. 4.

U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Thus, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79 *quoting Twombly*, 550 U.S. at 557.

Further, FDUTPA claims "are subject to the 'heightened' pleading standard under Rule 9(b)." *CWELT-2008 Series 1045 LLC v. PHH Corp.*, 1:20-cv-20334, 2020 WL 2744191, at *4 (S.D. Fla. May 27, 2020) (citing *Toca v. Tutco, LLC*, No. 19-cv-23949, 2020 WL 1041502 (S.D. Fla. Mar. 4, 2020).

## IV. ARGUMENT

**A.     The Court should dismiss this case because Plaintiffs failed to provide the contractually required pre-suit notice and opportunity to cure.**

Plaintiffs' claims all arise from their contracts. They allege that PHH violated various Federal and state statutes by including amounts in payoff letters that were allegedly not authorized by their mortgages. ECF No. 1, ¶¶ 76-122. But Plaintiffs never gave PHH notice of its claims and an opportunity to cure as required by paragraph 20 of Plaintiffs' mortgages. The Court should therefore dismiss Plaintiffs' claims.

Both of Plaintiffs' mortgages contain an identical provision requiring the parties to give each other notice of any claimed grievance arising from the contract, and an opportunity to cure the grievance, before filing suit:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

ECF Nos. 1-3, 1-5, ¶ 20.

The notice provision in Plaintiffs' mortgage is common, and many other courts have applied similar provisions. Following the plain language, those courts apply the notice provision to claims alleging a breach of the contract or arising from actions taken because of the contract. *Charles v. Deutsche Bank Nat'l Trust Co.*, No. 1:15-cv-21826, 2016 WL 950968, at *2 (S.D. Fla. Mar. 14, 2016) ("Thus, to determine whether the notice and cure provisions of the mortgage bar this action, the Court must decide whether the action 'arises from the [Defendant's] actions pursuant to [the mortgage],' or if the Defendants 'breached any provision of, or any duty owed by reason of' the mortgage."); *Kurzban v. Specialized Loan Servicing, LLC*, 17-CV-20713, 2018 WL 1570370, at *2 (S.D. Fla. Mar. 30, 2018) ("The notice and cure provision of a mortgage bars a plaintiff's claims where it 'applies by its terms to [the] action.'") (citations omitted); *see also Telecom Italia SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) (holding that a claim "relates to" a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties").

Courts frequently apply the notice provision to statutory claims arising from charges that were allegedly not authorized under a mortgage. *Carner v. MGC Mortg., Inc.*, No. 19-61131-

4

CIV, 2020 WL 7481170, at *2 (S.D. Fla. May 13, 2020) ("Courts in this district have routinely held that the plaintiff's FCCPA or FDCPA claims related to a mortgage contract and therefore were subject to the notice and cure provision in the contract."); *Kurzban*, 2018 WL 1570370, at *2 (applying notice provision to dismiss borrower claims under FDCPA and federal Real Estate Settlement Procedures Act ("RESPA"), including claim "aris[ing] out of alleged errors in the default amounts"); *Sandoval v. Ronald R. Wolfe & Assocs., P.L.*, No. 16-61856-CIV-DIMITROULEAS, 2017 WL 244111, at *2-4 (S.D. Fla. Jan. 19, 2017) (applying notice provision to borrower's claims under FDCPA, FCCPA, and RESPA arising out of disputed charges for attorneys' fees and service in foreclosure lawsuit; "All of these claims arise out of the mortgage … ."); *Sotomayor v. Deutsche Bank Nat'l Tr. Co.*, No. 0:15-CV-61972-WPD, 2016 WL 3163074, at *2 (S.D. Fla. Feb. 5, 2016) order clarified, No. 0:15-CV-61972-WPD, 2016 WL 3163075 (S.D. Fla. Mar. 18, 2016) (applying notice provision to dismiss borrower's complaint under federal Truth in Lending Act alleging improper fees in payoff statement because, "the terms of the mortgage loan contract provide[d] the basis" for the allegedly improper fees).

Courts also apply the notice provision to dismiss claims against loan servicers. *Kurzban*, 2018 WL 1570370, at *3 ("[c]ourts in this district consistently hold that a notice-and-cure provision in a mortgage applies to actions against a servicer.") (citing *Pierson v. Ocwen Loan Servicing, LLC*, No. 16-cv-62840, 2017 WL 634164, at *3 (S.D. Fla. Feb. 16, 2017); *Sotomayor*, 2016 WL 3163074, at *2-3; *Charles*, 2016 WL 950968, at *3-4).

Here, Plaintiffs' claims are all based on PHH's inclusion of charges that Plaintiffs claim are not authorized under their mortgage. As a result, Plaintiffs were required to comply with their mortgages by providing PHH notice and an opportunity to cure before filing suit based on those

5

alleged charges. Because Plaintiffs allege no facts showing compliance with this requirement, the Court should dismiss Plaintiffs' complaint in its entirety.

**B.      The Court should dismiss this case because including the charges at issue were not deceptive or unfair.**

Plaintiffs allege that certain charges in the payoff letters were deceptive or unfair under the FDCPA, the FCCPA, and the FDUTPA. The FDCPA and FCCPA prohibit attempting to collect debts that are not owed. 15 U.S.C. § 1692e(2) (prohibiting "false, deceptive, or misleading" representations, including falsely representing "the character, amount, or legal status of any debt"); 15 U.S.C. § 1692f(1) (prohibiting "unfair or unconscionable" debt collection, including attempt to collect debt not authorized by the contract); Fla. Stat. § 559.72(9) (unlawful to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."). The FDUTPA similarly prohibits deceptive or unfair conduct. *Zlotnick v. Premier Sales Group, Inc.,* 480 F.3d 1281, 1294 (11th Cir. 2007) (citation omitted) (affirming dismissal of FDUTPA claim; "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."); *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. USA,* No. 04-cv-60861, 2005 WL 975773, at *8 (S.D. Fla. Mar 4, 2005) (an unfair practice "is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.") (citation omitted).

Here, none of the charges at issue violate Plaintiffs' mortgages, and Plaintiffs have alleged no facts showing the charges are deceptive or unfair so as to support any of their claims.

6

### 1. Including a recording fee was not deceptive or unfair.

Plaintiffs challenge the recording fee, but both mortgages contain identical provisions explicitly authorizing the recording fee:

> Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. **Borrower shall pay any recordation costs.** Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third-party for services rendered and the charging of the fee is permitted under Applicable Law. (emphasis added).

ECF Nos. 1-3, 1-5, ¶ 23.

Thus, Plaintiffs' mortgages explicitly authorize passing on the out-of-pocket cost of recording a mortgage release. And that is all the payoff letters did; both explicitly limited any charge for a recording fee to the actual, out-of-pocket cost. ECF Nos. 1-4, 1-6, p. 4 ("A … Recording Fee will be assessed in the amount of the actual cost which may vary at the time of recording."). Plaintiffs identify nothing deceptive or unfair about PHH passing along this fee as the mortgage permits, and the Court should therefore dismiss the Plaintiffs' claims based on the expressly authorized recording fee. *See Hanson Hams, Inc. v. HBH Franchise Co., LLC*, No. 03-61198CIV, 2004 WL 5470401, *8 (S.D. Fla. Dec. 21, 2004) (granting defendant summary judgment on FDUTPA claim where contract "expressly authorizes" the allegedly improper conduct); *Cooper v. Pennymac Loan Services, LLC*, 509 F. Supp. 3d 1325 (S.D. Fla. 2020) (dismissing FCCPA claim where borrower failed to adequately allege that servicer had no legal right to collect such debt); *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2015 WL 11121357, at *4 (S.D. Fla. Jan. 7, 2015) (dismissing FDCPA claim where fees were expressly authorized).

### 2. Including the optional bank-wire fee was not deceptive or unfair.

Plaintiffs challenge an optional bank-wire fee, *i.e.*, a fee Plaintiffs would have paid if they had chosen to make a payment via wire rather than any other acceptable method. But this

optional fee does not violate the mortgage because, as numerous courts have held, Plaintiffs had the option to use other free methods of payment. For example, in *Lish v. Amerihome Mortgage Co., LLC* plaintiff challenged an optional pay-by-phone fee as violating the loan contract and as deceptive or unfair under FDUTPA. 2:20-CV-07147, 2020 WL 6688597 (C.D. Cal. Nov. 10, 2020). The Court concluded that the fee was separately agreed to by the borrower in exchange for the ability to use the optional payment method:

> In this case, when Plaintiff voluntarily chose to make a payment by telephone rather than by other, cost-free methods, she entered into a separate agreement with Defendant – she would be permitted to pay by telephone, with all of the ease and immediacy that method of payment offered, rather than by other cost-free methods, in return for $2.00.

*Lish*, 2020 WL 6688597, at *3. Based on the optional nature of the fee, the Court in *Lish* rejected plaintiff's claim that the fee violated the contract, which said the absence of authorization for a specific fee is not a prohibition of that fee:

> Thus, the Mortgage simply does not prohibit Defendant from charging a fee for telephonic payments. To the contrary, the Mortgage specifically states that the failure to include a specific fee "shall not be construed as a prohibition of the charging of such fee."

*Id.*, * 8.[3]

As in *Lish*, the bank wire fee here was entirely optional. The payoff letter gives a separate payoff total without the fee, breaks the fee out separately, and provides Plaintiffs with the option to pay in numerous other ways to avoid incurring the fee. ECF Nos. 1-4, 1-6, p. 3 (listing multiple alternative ways to make payment); *Id.*, p. 5 (stating bank wire is optional method of payment and bank wire fee need not be incurred). Thus, had Plaintiffs chosen to pay via wire (which they did not), they would have thereby agreed to pay the $25 fee. Plaintiffs cannot sue

---

[3] Plaintiffs' mortgages contain the exact same language. ECF Nos. 1-3, 1-5, ¶ 14 ("the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.").

over the mere fact that they were given the *option* to pay by wire, an option they chose not to even exercise.

Because the optional bank wire fee does not violate the mortgage, Plaintiffs have failed to allege any facts showing that giving Plaintiffs the option of paying via wire was unfair or deceptive. The court in *Lish* explicitly rejected a FDUTPA claim, finding the optional fee was not unfair or deceptive:

> There is nothing inherently unfair or unconscionable about the convenience fees charged by Defendant. Instead, Defendant offers such services, for a fee, as a convenience to its customers who voluntarily choose to avail themselves of their benefit.
>
> * * * *
>
> In this case, … Plaintiff requested to use Defendant's optional phone payment system to pay her mortgage and have her payment applied immediately, and in return, Defendant requested a $2.00 fee. … The Court concludes that this arrangement was neither unfair nor deceptive and, thus, did not violate the FDUTPA.

*Id.*, * 6-7. Other courts have also rejected similar challenges to fees for optional payment methods where a borrower or consumer has the ability to use another payment method and avoid the fee. *See Waddell v. U.S. Bank Nat'l Ass'n,* 395 F. Supp. 3d 676, 685 (E.D.N.C. 2019) ("U.S. Bank's practice of charging customers a fee for paying by phone is not unfair or deceptive under the [North Carolina] UDTPA."); *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198 (11th Cir. 2011) (dismissing unjust enrichment claim for optional payment fee in part because borrower could have avoided fee; "Baptista requested to have the check cashed immediately upon presentment to Chase, and in return, Chase requested a $6.00 fee. Baptista agreed to the fee. If Baptista had chosen to deposit the check in her own account and wait for processing, no fee would have been levied. The fee was only levied because Chase conferred an additional benefit on Baptista, that is, immediate payment of the check."); *Cooper,* 509 F. Supp. 3d at 1333

(S.D. Fla. 2020) ("Plaintiff has not adequately pled that the processing fee is violative of the FCCPA, nor any other Florida law."); *Alvarez v. Loancare LLC,* 20-21837-CIV, 2021 WL 184547, at *11 (S.D. Fla. Jan. 19, 2021) ("Plaintiff, moreover, does not point to any Florida law or mortgage term *requiring* express authorization in her mortgage contract — prior to a mortgage servicer charging fully-disclosed and agreed-to processing fees for optional payment methods voluntarily used by borrowers.").

The same reasoning applies here. PHH gave Plaintiffs multiple, free ways of paying their mortgage. There was nothing unfair or deceptive about also giving Plaintiffs the option of paying via bank wire, which would have resulted in a fee that was fully disclosed. Plaintiffs did not need to utilize that option (and here, they never did), but they had all information needed to decide whether they wished to do so. Plaintiffs allege no facts showing the fee was unfair, deceptive or otherwise unauthorized.

   **3. Including the "recoverable balance" was not deceptive or unfair.**

Plaintiffs allege that the inclusion of a charge labeled "recoverable balance" is deceptive and unfair because the charge lacks a detailed description and because the amount *might* include charges that are "estimates or not actually incurred." ECF No. 1, ¶ 41. These allegations do not support Plaintiffs' claims.

As Plaintiffs acknowledge, their mortgages explicitly authorize numerous types of charges. ECF No. 1, ¶ 43 (referencing charges authorized by paragraphs 9, 14, and 22); ECF Nos. 1-3, 1-5, ¶ 9 (authorizing charges in the event of default "to protect Lender's interest in the Property and rights under this Security Instrument"); ¶ 14 ("Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument"); ¶ 22 ("Lender shall

be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.").

Plaintiffs allege no facts to show that the charges included in the "recoverable balance" were not authorized by these or other provisions of the mortgage. Indeed, Plaintiffs never allege the charges were unauthorized; they simply allege the charge is unfair or deceptive because it is not detailed enough. But *Plaintiffs* bear the burden of pleading facts sufficient to show they have a plausible entitlement to relief. *Iqbal*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Plaintiffs not only allege no facts showing this charge is improper, they cite nothing in the FDCPA, the FCCPA, or the FDUTPA requiring that PHH provide a detailed description of the charge.[4] At least one court has dismissed FDCPA and FCCPA claims based on a similar charge. *See, Czaban v. Bayview Loan Servicing, LLC*, No. 3:19CV591-TKW-EMT, 2019 WL 5690633, at *2 (N.D. Fla. Nov. 1, 2019), *appeal dismissed,* No. 19-14463-DD, 2020 WL 2392199 (11th Cir. Feb. 28, 2020) (court dismissed FDCPA and FCCPA claims based on "recoverable corporate account balance" which was properly comprised of attorneys' fees).

Thus, Plaintiffs have alleged no facts showing the recoverable balance represents improper charges, the Court should dismiss Plaintiffs' claims based on that charge.

C. **Florida's litigation privilege bars Ms. Joseph's claims because the claims arise from actions taken during active litigation.**

In addition to the arguments raised above, the Court should also dismiss all claims by Ms. Joseph because Florida's litigation privilege bars those claims. Ms. Joseph's claims each arise

---

[4] Had Plaintiffs complied with their pre-suit notice obligation, PHH could have provided a breakdown of the amounts properly included in the recoverable balance and avoided this claim.

11

from a payoff letter PHH sent to her during a pending state-court foreclosure. As a result, the litigation privilege bars each of her claims.

Florida's litigation privilege provides broad immunity from suit arising out of actions taken during the course of litigation. *Levin, Middlebrooks, et al. v. United States Fire Insurance Co.*, 639 So. 2d 606, 608 (Fla. 1994) ("absolute immunity must be afforded to any act occurring during the course of a judicial proceeding … so long as the act has some relation to the proceeding."). Florida applies the privilege to common-law and statutory claims. *Echevarria, et al. v. Cole*. 950 So. 2d 380, 384 (Fla. 2007) (reversing and remanding decision that litigation privilege did not apply to bar FDUTPA and other statutory claim; "the litigation privilege applies in all causes of action, whether for common-law torts or statutory violations."). Courts can adjudicate the litigation privilege on a motion to dismiss. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2005) (affirming dismissal based on litigation privilege; "any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action.") (citation omitted).

Florida courts have explicitly held that the litigation privilege bars claims based on payoff letters or other similar correspondence sent during litigation. In *CWELT*, the court held that the litigation privilege barred a FDUTPA claim based on defendant's inclusion of allegedly improper amounts in a payoff letter sent during a foreclosure. 2020 WL 2744191, * 8. The court in *CWELT* relied on allegations virtually identical to those here, *i.e.*, that plaintiff requested the payoff letter during a pending foreclosure to resolve the foreclosure by paying off the loan:

> [T]he Amended Complaint alleges that the estoppel letter was sent by attorneys for Ocwen, plaintiffs in the Foreclosure Action, to CWELT, a defendant in that lawsuit, to resolve that action so that CWELT could purchase the property outright, with a clear title. … Thus, by claiming damages arising from

communications and acts made during the Foreclosure Action, the estoppel letter bears "some relation" to the Foreclosure Action and thus implicates the litigation privilege.

*Id.*

Here, the complaint shows that Ms. Joseph requested, and PHH sent, the payoff letter in September 2021. ECF No. 1, ¶¶ 56, 57. A state-court foreclosure was pending between Ms. Joseph and her lender regarding this same loan at that time. Ex. A, Docket Sheet.[5] Thus, the payoff letter related to the foreclosure, so the litigation privilege bars claims arising from the letter. *See Bloch v. Wells Fargo Home Mortg.,* No. 11-cv-80434, 2012 WL 12862806 at *5 (S.D. Fla. June 12, 2012) (holding litigation privilege bars claim arising from settlement communications during foreclosure; "all of the alleged actions were made during the pending foreclosure proceeding in attempt to settle those proceedings. Any written correspondence to Plaintiffs during the underlying foreclosure lawsuits necessarily is protected by the litigation privilege … .").

**D.**  **The Court should dismiss Plaintiffs' FDUTPA claim because sending a payoff letter does not constitute trade or commerce**.

Finally, and in addition to the above, the Court should dismiss both Plaintiffs' FDUTPA claims because the conduct at issue does not involve "trade or commerce" as required to state a FDUTPA claim. Servicing and loan collection activity is not "trade or commerce" as a matter of law. *Benjamin v. CitiMortgage, Inc.*, No. 12-62291-CIV, 2013 WL 1891284, at *4-5 (S.D. Fla. May 6, 2013) (dismissing plaintiffs' FDUTPA claim "[b]ecause the defendants' servicing of the mortgage did not fall within the purview of trade or commerce"); *Merrill Lynch*, 2005 WL

---

[5] This Court can take judicial notice of public records, such as the docket sheet from the state-court foreclosure proceedings, and consider those records on a motion to dismiss. *See* Fed. R. Evid. 201; *Correa v. BAC Home Loans Servicing, LP*, No. 6:11-cv-1197, 2012 WL 1176701, at *4 (M.D. Fla. April 9, 2021) (judicial notice of mortgage and assignment of mortgage); *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1279-1280 (11th Cir. 1999) (judicial notice of SEC filing).

975773, at *9 (dismissing FDUTPA claim because Plaintiff "fail[ed] to allege that the lending relationship … constituted 'trade or commerce' or the 'conduct of any trade or commerce' under Fla. Stat. § 501.203(8)"); *State of Fla., Office of Att'y Gen. v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 357 (Fla. 4th DCA 2011) (holding that allegations of fabricating false documents or presenting false or misleading documents for use in foreclosure cases were not "trade or commerce" in the FDUTPA context)).

In *CWELT*, the court specifically dismissed a FDUTPA claim involving a payoff letter under Fla. Stat. § 701.04 because sending the letter did not involve trade or commerce. 2020 WL 2744191, *7 ("pursuant to Fla. Stat. § 701.04(1), Defendant was legally obligated to provide the estoppel letter upon Plaintiff's request. Based on the allegations, Plaintiff fails to demonstrate that Defendant's alleged actions fall within the purview of trade or commerce."). *See also Rodriguez v. Ocwen Fin. Corp.*, No. 17-cv-60675, 2017 WL 3593972, at *6 (S.D. Fla. Aug. 21, 2017) (dismissing FDUTPA claim regarding loss-mitigation correspondence; "As with mortgage enforcement generally, a loan servicer's handling of a loss mitigation application—obligatory and reactive in nature—does not involve the loan servicer 'advertising, soliciting, providing, offering, or distributing' anything to borrowers.").

PHH, therefore, asks the Court to dismiss Plaintiffs' FDUTPA claim with prejudice because it does not involve "trade or commerce" as required for FDUTPA to apply.

## V. CONCLUSION

For these reasons, PHH ask the Court to dismiss this case with prejudice.

Dated: December 22, 2021

Respectfully submitted,

*/s/ Steven J. Brotman*
Steven J. Brotman
Florida Bar No. 85750
**LOCKE LORD LLP**
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

*Counsel for PHH Mortgage Corporation*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

Scott David Hirsch, Esq.
Scott Hirsch Law Group
6810 N. State Road 7
Coconut Creek, FL 33073
scott@scotthirschlawgroup.com

*Counsel for Plaintiffs*

Jessica L. Kerr
The Advocacy Group
100 S. Biscayne Blvd., Suite 300
Miami, FL 33131
jkerr@advocacypa.com

*Counsel for Plaintiffs*

Daniel E. Gustafson, Esq.
David A. Goodwin, Esq.
Mary M. Nikolai, Esq.
Gustafson Gluek PLLC
Canadian Pacific Plaza
120 South 6th Street, Ste. 2600
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

*Counsel for Plaintiffs*

By: */s/Steven J. Brotman*
Steven J. Brotman

15