## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM SALTER, and MARIE JOSEPH, individually and on behalf of those similarly situated, <br><br>                Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORP., <br><br>                Defendant. | Civil Action No. 0:21-CV-62318-CMA |

## PHH MORTGAGE CORPORATION'S
## REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

PHH Mortgage Corporation submits this reply in support of its motion to dismiss.

**I.      The notice provision applies to Plaintiffs' claims, which arise under the contract.**

Plaintiffs do not dispute that they failed to comply with their mortgages' notice provision. Instead, they argue that the notice provision does not apply because, Plaintiffs say, "there are no allegations that the contract has been breached." Resp., p. 3. But that's incorrect; Plaintiffs base all their claims on charges they allege violate the contract. Compl., ¶ 29 (alleging optional bank-wire fee "is not authorized by the mortgage agreement"); ¶ 39 (alleging "the standard mortgage loan [agreement] … do[es] not authorize the charging of excessive fees … such as the 'Recording Fee'"); ¶¶ 40, 44 (alleging "Recoverable Balance" line item may include estimated or non-incurred charges and "demanding payment of fees not yet incurred was not permitted because it violated the very mortgage loan agreements [PHH] serviced"). Thus, this case is different than the case cited by Plaintiffs, *Mills v. Select Portfolio Servicing, Inc.*, No. 18-CV-61012-BLOOM/Valle, 2018 WL 5113001, * 5 (S.D. Fla. Oct. 19, 2018), where the court held the notice provision did not apply because "there are no allegations that the contract has been breached …."

Unlike *Mills*, the claims here are all based on alleged charges that Plaintiffs allege violate their mortgages. Numerous courts have held that the notice provision applies to claims—including the same statutory claims Plaintiffs assert here—under these circumstances. *Carner v. MGC Mortg., Inc.*, No. 19-61131-CIV, 2020 WL 7481170, at *2 (S.D. Fla. May 13, 2020) ("Courts in this district have routinely held that the plaintiff's FCCPA or FDCPA claims related to a mortgage contract and therefore were subject to the notice and cure provision in the contract."); *Kurzban v. Specialized Loan Servicing, LLC,* 17-CV-20713, 2018 WL 1570370, at *2 (S.D. Fla. Mar. 30, 2018) (applying notice provision to dismiss borrower claims under FDCPA and federal Real Estate Settlement Procedures Act ("RESPA"), including claim "aris[ing] out of alleged errors in the default amounts"); *Sandoval v. Ronald R. Wolfe & Assocs., P.L.*, No. 16-61856-CIV-DIMITROULEAS, 2017 WL 244111, at *2-4 (S.D. Fla. Jan. 19, 2017) (applying notice provision to borrower's claims under FDCPA, FCCPA, and RESPA arising out of disputed charges for attorneys' fees and service in foreclosure lawsuit; "All of these claims arise out of the mortgage … ."); *Sotomayor v. Deutsche Bank Nat'l Tr. Co.*, No. 0:15-CV-61972-WPD, 2016 WL 3163074, at *2 (S.D. Fla. Feb. 5, 2016) order clarified, No. 0:15-CV-61972-WPD, 2016 WL 3163075 (S.D. Fla. Mar. 18, 2016) (applying notice provision to dismiss claim under federal Truth in Lending Act alleging improper fees in payoff statement because, "the terms of the mortgage loan contract provide[d] the basis" for the allegedly improper fees).

The other cases cited by Plaintiffs largely alleged violations independent of the mortgage and are thus inapplicable here. *See Foster v. Green Tree Servicing, LLC,* 8:15-CV-1878-T-27MAP, 2017 WL 5151354, at *3 (M.D. Fla. Nov. 3, 2017) (alleging defendant violated statutory prohibitions on communicating with debtor regarding debt despite knowledge debtor is represented by counsel); *Belcher v. Ocwen Loan Servicing, LLC,* 8:16-CV-690-T-23AEP, 2016

WL 7243100, at *1 (M.D. Fla. Dec. 15, 2016) (alleging statutory violations arising from, *inter alia*, defendant attempting to collect debt after plaintiff entered into trial modification of debt).[1] These cases are distinguishable, and certainly do not overcome the weight of authority applying the notice provision where plaintiffs pursue statutory claims over allegedly unauthorized charges.

Plaintiffs' admitted failure to comply with the contractual notice provisions bar their claims, and the Court should dismiss this case for this reason alone.

**II.     The recording fees were authorized and not excessive.**

Plaintiffs admit that their mortgages authorized PHH to pass the cost of recording a mortgage release on to Plaintiffs. ECF Nos. 1-3, 1-5, p. 13, ¶ 23 ("Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law."); Resp., p. 7 ("the mortgage agreements at issue here allowed for the recovery of recording fees."). Plaintiffs argue they can nevertheless state a claim arising from the recording fee because they allege an "intentional overcharge of the recording fee" (Resp., p. 8), *i.e.*, that PHH charged more for recording than it paid to the county. But Plaintiffs do not—and ***could not***—allege any such overcharge because Plaintiffs indisputably never paid off their loans, PHH never recorded a release of Plaintiffs' mortgages, and PHH thus never sought to pass a recording charge along to Plaintiffs. Plaintiffs' argument regarding an alleged overcharge is speculation about what ***might*** have happened if Plaintiffs ever paid off their loan.

Plaintiffs' argument is not only speculative, but it is contradicted by the plain language of the payoff letters on which Plaintiffs base their claims. Those letters make clear that PHH will only pass through the charge for recording and will refund any excess to Plaintiffs:

---

[1] *Belcher* also included an allegation regarding an improper fee, but the court did not separately consider whether that claim was subject to the notice provision. To the extent *Belcher* concluded that a claim that a fee violates the mortgage is not subject to the notice provision, the numerous cases PHH cites above hold otherwise.

> A Lien Release Fee and Recording Fee are the cost the county in which the property is located charges to record a lien release as allowed pursuant to the terms of the security instrument. … A Lien Release Fee and Recording Fee will be assessed in the amount of the actual cost which may vary at the time of recording.
>
> \* \* \* \*
>
> After the payoff funds have been applied and the account has been reconciled, any overpayment of funds will be returned to the issuer through regular mail within 20 business days of the date the funds are received.

ECF No. 1-4, 1-6, pp. 4, 6. Thus, Plaintiffs cannot base a claim on events that have not occurred and that are contrary to the documents Plaintiffs offer as the basis for their claims.

Plaintiffs' case involved an **_actual_** overcharge. _Latman v. Costa Cruise Lines, N.V.,_ 758 So. 2d 699, 700 (Fla. 3d DCA 2000) ("Plaintiffs allege … that, in fact the cruise lines passed through only a portion of the port charges to third parties, and kept the remainder for themselves."). Here, Plaintiffs don't allege that they paid **_any_** amount for a recording fee, only that PHH **_might_** have breached the contract by imposing an overcharge **_if_** given the chance. Such speculation does not state a claim. _Bell Atlantic Corp. v. Twombly_, 127 S. Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ….").

**III.    The bank-wire fees were optional and not incidental to the debt.**

Plaintiffs make three arguments regarding the optional bank-wire fees, none of which are valid. First, Plaintiffs try to distinguish one of the cases cited by PHH, _Lish v. Amerihome Mortgage Co., LLC,_ No. 2:20-cv- 07147, 2020 WL 6688597 (C.D. Cal. Nov. 10, 2020), by claiming the contract in _Lish_ "authorize[d] the charging of a wire fee." Resp., p. 8. But the court in _Lish_ relied on contract language that is also in Plaintiffs' mortgages, _i.e._, language stating that the absence of explicit authorization is not prohibition of a fee. _Lish_, 2020 WL 6688597, at \* 3 ("the Mortgage specifically states that the failure to include a specific fee 'shall not be construed

as a prohibition of the charging of such fee.'"). Plaintiffs' mortgages contain the exact same language. ECF No. 1-3, 1-5, p. 10, ¶ 14. Thus, contract language does not distinguish *Lish*.

Second, Plaintiffs claim that the payoff letters required payment via bank wire. Resp., p. 8 ("a reasonable consumer or least sophisticated consumer would find [the wire fee is not optional]."). But Plaintiffs' argument is contradicted by the plain language of the payoff letters, which allow numerous ways to submit payment. ECF No. 1-4, 1-6, p. 3 ("Payoff funds should be sent by wire transfer, cashier's check, certified bank check, title company check, money order, attorney's escrow check, MoneyGram or Western Union."); *Id.*, p. 5 ("Payoff funds must be provided via certified funds, such as bank wire transfer, cashier's check, certified bank check, title company check, money order, attorney's escrow check, MoneyGram or Western Union.").[2] The letters also provide two different payoffs amounts: one standing alone and one for payment "VIA BANK WIRE TRANSFER." *Id.*, p. 4. While the letter says a bank wire is "preferred", it gives instructions for mailing funds as well. *Id.*, p. 5. Plaintiffs cannot use the least sophisticated consumer standard to manufacture a claim that disregards the plain language of the letters:

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Caceres v. McCalla Raymer, LLC,* 755 F.3d 1299 (11th Cir. 2014) (citation omitted).

Plaintiffs cite cases purportedly denying motions to dismiss claims based on convenience fees. Resp., pp. 9-10. Preliminarily, Plaintiffs misstate the holding of the sole Florida case they cite: *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229 (S.D. Fla. 2017). Plaintiffs claim the court in

---

[2] Plaintiffs misleadingly cut off portions of these sentences to incorrectly imply that bank wire is the only acceptable method of payment. Resp. p. 9 (quoting sentences as saying, "Payoff funds should be sent by wire transfer …" and "Payoff funds must be provided via certified funds, such as bank wire transfer, …").

*HOVG* denied a motion to dismiss a claim based on a convenience fee, but the court actually **granted** that portion of the motion to dismiss because the letter, like here, conditioned the fee on the use of an optional payment method plaintiff did not choose. *HOVG*, 232 F. Supp. 3d at 1238 (convenience fee was "contingent upon a debtor utilizing online or phone payment methods in the future"; "because the Letter does not attempt to collect a $5.00 convenience fee debt, Plaintiff's claim under § 1692(f)(1) fails, and is dismissed with prejudice.").

The other two cases Plaintiffs cite are not Florida cases and conflict with the on-point authority dismissing claims regarding optional convenience fees. *See* Mot., pp. 8-10, *citing Baptista v. JPMorgan Chase Bank, N.A.,* 640 F.3d 1194, 1198 (11th Cir. 2011) (dismissing unjust enrichment claim for optional payment fee in part because borrower could have avoided fee); *Alvarez v. Loancare LLC,* 20-21837-CIV, 2021 WL 184547, at *11 (S.D. Fla. Jan. 19, 2021) ("Plaintiff, moreover, does not point to any Florida law or mortgage term *requiring* express authorization in her mortgage contract—prior to a mortgage servicer charging fully-disclosed and agreed-to processing fees for optional payment methods voluntarily used by borrowers."); *Cooper v. Pennymac Loan Services, LLC,* 509 F. Supp. 3d 1325, 1333 (S.D. Fla. 2020) ("Plaintiff has not adequately pled that the processing fee is violative of the FCCPA, nor any other Florida law."). Plaintiffs do not attempt to distinguish or address any of these cases.

Further, other courts have rejected the argument that convenience fees are incidental to an underlying debt and dismissed FDCPA and FCCPA claims based on those fees. *See Turner v. PHH Mortg. Corp.*, No. 8:20-CV-137-T-30SPF, 2020 WL 2517927, at *2 (M.D. Fla. Feb. 24, 2020) ("because the Court concludes PHH was collecting a fee for a separate, optional service, that the fee for such service originated with PHH, and that Turner was not in default when PHH collected the fee for the service, PHH is not a 'debt collector' under the FDCPA or FCCPA.");

*Estate of Campbell v. Ocwen Loan Servicing, LLC,* 467 F. Supp. 3d 1262, 1264–65 (S.D. Fla. 2020) ("Plaintiff's argument that the convenience fees are part of the debt too, or at a minimum, incidental to the debt, is unpersuasive. Logically, it is difficult to define as a debt something that isn't yet owed."); *Cooper,* 509 F. Supp. at 1331–32; *Lang v. Ocwen Loan Servicing,* 3:20-CV-81-J-20MCR, 2020 WL 5104522, at *3 (M.D. Fla. July 17, 2020). As in those cases, the bank-wire fee here was a purely optional fee that originated with PHH, so PHH was not a debt collector with regard to that fee, and the Court should dismiss Plaintiffs' FDCPA and FCCPA claims for this additional reason.

**IV.     Plaintiffs have not alleged any facts showing the "recoverable balance" is deceiving.**

As PHH argued in its motion, Plaintiffs' claims regarding the "recoverable balance" line item fail because Plaintiffs have alleged no facts showing that the line item included any amounts that violate their contract or any other legal requirement. *See* Mot., pp. 10-11 *citing Czaban v. Bayview Loan Servicing, LLC,* No. 3:19CV591-TKW-EMT, 2019 WL 5690633, at *2 (N.D. Fla. Nov. 1, 2019), appeal dismissed, No. 19-14463-DD, 2020 WL 2392199 (11th Cir. Feb. 28, 2020) (dismissing FDCPA and FCCPA claims based on "recoverable corporate account balance"). Rather, Plaintiffs' claim is based solely on their speculation that the amount ***might*** include fees that are estimates or not yet incurred. Resp., p. 11 (asking Court to deny motion because mortgages "do not authorize estimates or fees that were not actually incurred"). But as discussed above, such speculative allegations do not state a claim. *Twombly*, 127 S. Ct. at 1965.

Plaintiffs' own case supports dismissal. In *Coheley v. Lender Legal Services, LLC,* 2019 WL 6311767, Case No.: 8:19-cv-185-T-27CPT, at *4 (M.D. Fla. Nov. 25, 2019), the court dismissed FDCPA and FCCPA claims arising out of a non-itemized charge where the plaintiff "speculate[d] that the reinstatement and payoff amounts in the letter 'likely incorporate[d] improper attorneys' fees and costs.'" The court dismissed the claims because the plaintiff had not

alleged any facts showing that the letter *did* include improper amounts rather than merely *may* have included improper amounts. *Id.*, * 5 ("[plaintiff's] Complaint does not include any indication that the amounts requested in the letter could include attorney's fees or other costs."). Thus, the complaint in *Coheley* was just as speculative as the complaint here, and dismissal is appropriate here just as it was there. This also distinguishes Plaintiffs' other case, *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1245 (M.D. Fla. 2019), where the court found it plausible—not merely possible—that the non-itemized amount contained attorneys' fees.

**V.       Litigation privilege precludes Ms. Joseph's state law claims.**

Ms. Joseph makes two arguments regarding the litigation privilege; the Court should reject both. Although PHH has found no cases applying the privilege to FDCPA claims, multiple cases apply the privilege to FCCPA and FDUTPA claims. Resp., pp. 12-13 *citing Echevarria, McCalla, Raymer, Barrrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) ("[L]itigation privilege applies across the board to actions in Florida, both to common law causes of action, those initiated pursuant to statute, or of some other origin."); *Solis v. CitiMortgage, Inc.,* 699 F. App'x 891, 894 (11th Cir. 2017) ("The privilege applies to statutory violations…."); *Perez v. Bureaus Inv. Group No. II, LLC,* 2009 WL 1973476, at *3 (S.D. Fla., July 8, 2009) (privilege bared FCCPA claim as "the filing of the collection lawsuit clearly relates to a judicial proceeding, and is the sole basis of plaintiff's FCCPA claim in the present suit."): *CWELT-2008 Series 1045 LLC v. PHH Corp.,* 2020 WL 2744191, at *8-9 (S.D. Fla. May 27, 2020) (dismissing FDUTPA "case about charging an improper debt" under litigation privilege); *Miceli v. Dyck-O'Neal, Inc.*, 2016 WL 7666167, at *5 (M.D. Fla. Aug. 9, 2016 ("The privilege applies to statutory causes of action, including the FCCPA and FDUTPA."). At a minimum, the Court should apply the privilege to the FCCPA and FDUTPA claims.

Second, Ms. Joseph argues that the letter "had nothing to do with the underlying foreclosure action …." (Resp., p. 14), but several facts contradict that. Most significantly, PHH faxed the letter to Ms. Joseph's foreclosure counsel. *Compare* ECF No. 1-6, p. 2 (fax number 888-305-5562) *and* Ex. 1, Appearance. Further, Ms. Joseph does not dispute she requested the payoff letter during her foreclosure, and she admits she requested the letter under Fla. Stat. § 701.04 (Compl., ¶ 33), which requires the mortgagor to respond with "the unpaid balance of the loan secured by the mortgage." Fla. Stat. § 701.04(1). If Ms. Joseph paid the amount in the letter, PHH would have released the mortgage and dismissed the foreclosure. Fla. Stat. § 701.04(2). Thus the letter and the foreclosure both relate to determining the correct amount due under the loan. Ms. Joseph's claim that the letter is unrelated to the foreclosure is not plausible.

One court specifically held that the litigation privilege applies to letters sent under Fla. Stat. § 701.04 during a foreclosure. *CWELT-2008 Series 1045 LLC,* 2020 WL 2744191, at *8. Other cases hold the privilege applies to settlement communications. *Jackson v. BellSouth Telecomms.,* 372 F. 3d 1250, 1276 (11th Cir. 2004) ("[E]vents taking place outside the courtroom during discovery … are no less an integral party of the judicial process, and thus deserving of the protection of the [litigation] privilege, than in-court proceedings."); *Bloch v. Wells Fargo Home Mortg.,* 2012 WL 12862806, at *5 (S.D. Fla. June 12, 2012 ("Any written correspondence to Plaintiffs during the underlying foreclosure lawsuits necessarily is protected by the litigation privilege, and cannot firm the basis of an FCCPA claim.").

Thus, the payoff letter is subject to the litigation privilege, and the Court should dismiss Ms. Joseph's claim for this additional reason.

**VI.    Providing payoff letters does not constitute "trade or commerce."**

PHH was required to provide Plaintiffs with payoff letters upon the Plaintiffs' request. Fla. Stat. § 701.04(1). As such, PHH's provision of the letters is not "trade or commerce" under

FDUTPA. *CWELT-2008 Series 1045 LLC,* 2020 WL 2744191, at *7 (providing a payoff letter under Fla. Stat. § 704.01(1) does not constitute trade or commerce under FDUTPA); *Rodriguez v. Ocwen Fin. Corp.*, No. 17-cv-60675, 2017 WL 3593972, at *6 (S.D. Fla. Aug. 21, 2017) ("[A]ctions as loan servicer do not qualify as 'trade or commerce' under FDUTPA.").

Further, even if PHH was engaged in debt collection when it sent the payoff letters (which PHH disputes), debt collection is not considered "trade or commerce" for FDUTPA purposes. *Williams v. Nationwide Credit, Inc.,* 890 F. Supp 2d 1319, 1321 (S.D. Fla. 2012) ("Several courts have held that debt collection activities are not 'trade or commerce' for FDUTPA purposes."); *Blake v. Seterus, Inc.*, 2017 WL 543223, at *2 (S.D. Fla. 2017) ("An FDUTPA claim cannot be asserted against a defendant who is simply collecting a debt.").

Finally, Plaintiffs' cases suggesting that actions taken by a loan servicer are subject to FDUTPA are easily distinguished. The court in *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1275, n.14 (S.D. Fla. 2005) based its holding in part on the defendant's failure to cite any contrary authority. Here, PHH has provided case law showing the FDUTPA does not apply.

The facts of *Martorella v. Deutsche Bank Nat'l Trust Co.*, 931 F. Supp. 2d 1218 (S.D. Fla. 2013) and *Alhassid v. Bank of America, N.A.*, 60 F. Supp. 3d 1302 (S.D. Fla 02014) are also distinguishable, as this Court as recently explained. In *Consumer Financial Protection Bureau v. Ocwen Financial Corporation, et al,*, 9:17-CV-80495, 2020 WL 1969375, at *6 (S.D. Fla. Apr. 22, 2020), at *6, this Court dismissed a FDUTPA claim against the defendant because the allegations pertained to "loan collection activity" rather than "charging for an actual product as in *Martorella* or for specific services which were unauthorized as in *Alhassid*." The same is true here; Plaintiffs do not allege PHH charged them for any products or unauthorized services. The Court should dismiss Plaintiff's FDUTPA claim for this additional reason.

Dated:  January 24, 2022

Respectfully submitted,

_/s/ Steven J. Brotman_
Steven J. Brotman
Florida Bar No. 85750
**LOCKE LORD LLP**
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

*Counsel for PHH Mortgage Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

Scott David Hirsch, Esq.
Scott Hirsch Law Group
6810 N. State Road 7
Coconut Creek, FL  33073
scott@scotthirschlawgroup.com

Jessica L. Kerr
The Advocacy Group
100 S. Biscayne Blvd., Suite 300
Miami, FL 33131
jkerr@advocacypa.com

Daniel E. Gustafson, Esq.
David A. Goodwin, Esq.
Mary M. Nikolai, Esq.
Gustafson Gluek PLLC
Canadian Pacific Plaza
120 South 6th Street, Ste. 2600
Minneapolis, MN  55402
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
mnikolai@gustafsongluek.com

By:     _/s/Steven J. Brotman_
Steven J. Brotman

102701245