UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62318-CIV-ALTONAGA/Strauss

**WILLIAM SALTER**, *et al.*,

      Plaintiffs,

v.

**PHH MORTGAGE CORP.**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Continuance of Class Certification Deadline, Civil Jury Trial Date and Pretrial Schedule [ECF No. 32], filed on March 8, 2022. Plaintiffs request a 60-day extension of all deadlines in this matter, while Defendant agrees to a 30-day extension. (*See id.* 3). For the following reasons, the Motion is granted in part.

District courts are required to "issue a scheduling order . . . [that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b) (alterations added). Such orders "control the subsequent course of the action" unless modified by a later order and may be modified only "on a showing of good cause." *Id.* 16 advisory committee's note; *see id.* 16(b)(4). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Id.*; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end." (alterations added)).

On February 9, 2022, the Court granted in part and denied in part Defendant's Motion to Dismiss [ECF No. 20], filed on December 22, 2021. (*See* Feb. 9, 2022 Order [ECF No. 27] 20).

The Court had extended the briefing schedule for the Motion to Dismiss due to the complexity of issues in the case. (*See* Dec. 28, 2021 Order [ECF No. 22] 1).

Plaintiffs now request the present extension because the deadline for their class certification motion is March 28, 2022, and Defendant's responses to Plaintiffs' requests for production and requests for admissions and interrogatories are due March 17, 2022 and March 23, 2022, respectively. (*See* Mot. 2). In addition, Defendant has provided March 18, 2022 as the proposed deposition date for its corporate representative. (*See id.*).

Based on this timeline, it appears the parties were not engaging in discovery while the Motion to Dismiss was pending. This, without requesting or receiving a stay of discovery. Moreover, Plaintiffs do not explain why a 60-day extension is necessary, as opposed to the 30-day extension Defendant has agreed to. Nonetheless, considering the compressed timeline, the complex issues in the case, and the parties' otherwise diligent behavior, the Court finds a 30-day extension is warranted.

Accordingly, it is **ORDERED AND ADJUGED** that the Motion **[ECF No. 32]** is **GRANTED in part**. Trial is reset for the Court's two-week trial calendar beginning on **November 21, 2022**. Calendar call will be held at **9:00 a.m. on Tuesday, November 15, 2022**. The parties shall adhere to the following schedule:

1. **April 18, 2022**. Deadline for completing class certification discovery
2. **April 28, 2022**. Plaintiffs file motion for class certification
3. **June 29, 2022**. Parties exchange expert witness summaries or reports.
4. **July 13, 2022**. Parties exchange rebuttal expert witness summaries or reports.
5. **July 27, 2022**. All discovery, including expert discovery, is completed.[1]

---

[1] The parties by agreement, and/or Magistrate Judge Strauss, may extend this deadline, so long as such extension does not impact any of the other deadlines contained in this Scheduling Order.

6. **August 3, 2022**. Parties must have completed mediation and filed a mediation report.

7. **August 11, 2022**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

8. **August 11, 2022**. Deadline for submitting consent to trial and final disposition by Magistrate Judge Strauss.

9. **September 8, 2022**. Parties must file and submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

10. The parties shall refer to the instructions set forth in the Scheduling Order **[ECF No. 10]**, which otherwise remain in full force and effect.

**DONE AND ORDERED** in Miami, Florida, this 9th day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record